UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 5:26-CR-49-CHB

UNITED STATES OF AMERICA PLAINTIFF

V. **PLEA AGREEMENT**

JONATHAN O. HUFF DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon and Count 2, receipt or possession of firearms, silencers, made in violation of the National Firearms Registration and Transfer Act. At sentencing, the United States will dismiss Count 3 of the Superseding Indictment and the original Indictment.

2. The essential elements of Count 1 of the Superseding Indictment are:

(a) That the Defendant has been convicted of a crime punishable by imprisonment for more than one year;

(b) That the Defendant, following his conviction, knowingly possessed a firearm;

(c) That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(d) That the firearm crossed a state line prior to the alleged possession.

3. The essential elements of Count 2 of the Superseding Indictment are:

(a) That the Defendant knowingly received or possessed a firearm;

(b) That the firearm was a silencer; and

(b) That the firearms were made in violation of the National Firearms Registration and Transfer Act.

4. As to the Superseding Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) On April 12, 2026, the Lexington Fire Department responded to a residence located on Orleans Circle, Fayette County, Kentucky, in the Eastern District of Kentucky, in reference to a house fire. Law enforcement confirmed that one of the residents of the house was Jonathan Huff. Huff was present when emergency personnel arrived at the residence and was later interviewed by law enforcement.

(b) During the interview Huff made admissions that he was in possession of firearms. Huff stated that he possessed a Glock pistol and an AR style rifle. Huff advised law enforcement that the Glock pistol was in a black bag that he had placed inside of his vehicle that morning.

(c) Detectives from the Lexington Police Department applied for and were granted a search warrant for Huff's residence and vehicle. During the search of Huff's vehicle, law enforcement located and recovered a Glock pistol, from a black backpack and a Ruger AR rifle. The firearms matched the description of the firearms Huff admitted possessing. Additional firearms were also located during the search of the residence. ATF examined all of the firearms and identified them as:

1. Glock, Model 19 Gen5, 9mm caliber pistol bearing serial number BNKT999;
2. Ruger, Model AR-556, 5.56 caliber rifle bearing serial number 859-73250;
3. Sig Sauer, Model P226 Elite, 9x19 caliber pistol bearing serial number 47E019645;
4. Aero Precision, Model M5, multicaliber rifle bearing serial number LTYM5-00405; and

5. American Tactical Imports, Model Omni Hybrid, multicaliber receiver bearing serial number NS379356;

ATF also determined that the firearms were manufactured outside the Commonwealth of Kentucky and therefore traveled through interstate commerce prior to Huff's possession.

(d) During the search, law enforcement located 2 suspected silencers. One of the suspected silencers seized during the search was submitted to the ATF laboratory for analysis. The submitted suspected silencer was found to be a "firearm silencer" or "firearm muffler" by federal definition and was a firearm for purposes of federal law.

(e) Huff had previously been convicted of Possession of Methamphetamine, a Level 6 felony, from the Orange Circuit Court, Indiana, Cause Number 59C01-2110-F5-000778, on November 22, 2021, and was sentenced to 2 years and 6 months.

5. The statutory punishment for Count 1 of the Superseding Indictment is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. The statutory punishment for Count 2 of the Superseding Indictment is imprisonment for not more than 10 years, a fine of not more than $10,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 for each count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 4 and all provided discovery materials.

(c) Pursuant to U.S.S.G. § 2K2.1(a)(4)(B), the base offense is at least 20 because the Defendant was a prohibited person at the time of the offense and the offense involved a firearm described in 26 U.S.C. § 5845(a).

(d) Pursuant to U.S.S.G. § 2K2.1(b)(1), the offense level is increased by 2 levels because the number of firearms were 3 to 7.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

9. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is

specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

Date: 8/24/26 By: ______________________
Cynthia T. Ricker
Assistant United States Attorney

Date: 8/21/2026 ______________________
Jonathan Huff
Defendant

Date: 8/21/2026 ______________________
Adele Burt Brown
Attorney for Defendant